

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Charles E. Baughman,
Chief Clerk,
Department of Agriculture,
Austin, Texas

Dear Sir:

Opinion No. O-1466
Re: Whether Commissioner of Agriculture, in
administration of attached Acts, has auth-
ority to approve travel expense accounts
incurred by employees of the Department
in administration of said Acts; and whether
the Comptroller will be authorized to issue
warrants covering said travel expense ac-
counts, against funds accruing to the De-
partment under the provisions of said at-
tached Acts?

Your letters of September 19th and 20th request-
ing an opinion on the following questions have been re-
ceived:

"Senate Bill No. 427, the same being the
General Appropriation Bill for the biennium
ending August 31, 1941, has the following four
Special Riders:

"'For the fiscal years ending August 31,
1940 and August 31, 1941, all fees and/or un-
expended balances which have been received and
which may be received by virtue of Articles 56
to 67, inclusive, of the Revised Civil Statutes,
1925, and Chapter 93, Acts of the First Called
Session of the Forty-first Legislature, are
hereby appropriated after they shall have been
deposited in the State Treasury, for the fol-
lowing purposes:

Salary for Chief of the Division of
Field Seed Certification . . . $ 3,000.00

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Charles E. Baughman, Page 2.

and the remainder of such fees for such season-
al help as may be necessary, and other expenses
incident to the proper administration of the
above Act.

"'For the fiscal years ending August 31,
1940 and August 31, 1941, all fees and/or un-
expended balances which have been received and
which may be received by virtue of H. B. 99
and H. B. 567, Acts of the Forty-fifth Legisla-
ture, and as amended by Senate Bill 24 of the
First Called Session of the Forty-fifth Legis-
lature, are hereby appropriated after they
shall have been deposited in the State Trea-
sury for the following purposes:

<div style="margin-left:2em">

Director of Bonding and Licensing in
    the Agricultural Protective
    Act . . . . . . . . . . . . . . . . . . $ 5,600.00
Assistant Director . . . . . . . . . . . 1,620.00
Inspector . . . . . . . . . . . . . . . . 1,800.00

</div>

and the remainder of such fees for such season-
al help as may be necessary, and other expenses
incident to the proper administration of the
above Acts.

"'For the fiscal years ending August 31,
1940 and August 31, 1941, all fees and/or un-
expended balances which have been received and
which may be received by virtue of H. B. 500,
Regular Session of the Forty-second Legisla-
ture, as amended, and H. B. 888, Acts of the
Regular Session of the Forty-sixth Legislature,
are hereby appropriated after they shall have
been deposited in the State Treasury, for the
following purposes:

<div style="margin-left:2em">

Chief of the Citrus Maturity and
    Color-Added . . . . . . . . . . . . $ 3,900.00
Stenographer-Bookkeeper . . . . . . . 1,500.00

</div>

and the remainder of such funds for such sea-
sonal help as may be necessary and other ex-
penses incident to the proper administration
of the above Acts.

Mr. Charles E. Baughman, Page 3.

"'For the fiscal years ending August 31, 1940, and August 31, 1941, all fees and/or un-expended balances which have been received and which may be received by virtue of H. B. 623, Acts of the Regular Session of the Forty-third Legislature, as amended, are hereby appropriated after they shall have been deposited in the State Treasury for such seasonal help as may be necessary, and other expenses incident to the proper administration of the above Act, (no annual salaries to be paid out of these fees).'

"Please advise whether the Commissioner of Agriculture, in the administration of the above Acts, had the authority to approve expense accounts incurred by employees of the Department in the administration of the above Acts, and will the Comptroller be authorized to issue warrants covering said expense accounts, against the funds accruing to the Department under the provisions of said above Acts?"

There can be no question but that all fees and/or unexpended balances which have been received and which may be received by virtue of the following Articles and Acts have been appropriated in toto and made available to the particular divisions of the Department of Agriculture which are affected:

1. Articles 56 to 67, inclusive, Revised Civil Statutes, 1925; Chapter 93, Acts of the First Called Session, 41st Legislature.

2. House Bill 99 and House Bill 557, Acts of the 45th Legislature, as amended by Senate Bill 24 of the First Called Session, 45th Legislature.

3. House Bill 500, Regular Session of the 42nd Legislature, as amended, and House Bill 888, Acts of the Regular Session of the 46th Legislature.

4. House Bill 623, Acts of the Regular Session of the 43rd Legislature.

In each of the four paragraphs of the General Departmental Appropriation Bill, Senate Bill 427, Department of Agriculture, under consideration, the words "all

Mr. Charles E. Baughman, Page 4.

fees and/or unexpended balances ... are hereby appropriat-
ed after they shall have been deposited in the State
Treasury," are followed by three purposes:  First, one
or more specific salary items for a permanent chief of
a division and assistants; second, "the remainder of such
fees for such seasonal help as may be necessary;" and
third, "and other expenses incident to the proper admin-
istration of the above" Act or Acts.

After the specific salary items are paid out
of the respective funds, the remaining balance is appro-
priated as a lump sum for "such seasonal help as may be
necessary, and other expenses incident to the proper ad-
ministration of the above" Act or Acts.

The question before us is whether or not travel-
ing expenses incurred by employees in the administration
of the respective Acts under consideration may be paid
out of the lump sum appropriations.

It is our opinion that the question is answer-
able in the affirmative.  In the case of the appropriation
for every Act we find the words "and other expenses inci-
dent to the proper administration of the above" Act or
Acts.  This provision of the appropriation bill can only
be construed as an appropriation for contingent expenses.
It is a blanket appropriation aimed at catching every
legitimate expense incurred in the proper administration
of the above referred to Acts.  Traveling expenses are
properly included among "other expenses incident to the
proper administration of the above" Act or Acts.

In Conference Opinion No. 3089 of this Depart-
ment, by Honorable Richard W. Fairchild, Assistant Attor-
ney General, it has been held as follows:

"Where a department or division of a de-
partment is not provided specifically with an
item for 'traveling expense,' but such depart-
ment or division of a department is provided
with an item of appropriation for 'contingent
expenses' or for traveling expenses grouped
with other items of expense, the item for 'con-
tingent expense' or the item for traveling ex-
pense grouped with other items of expense may
be used to defray the traveling expenses of

Mr. Charles E. Baughman, Page 5.

the department or division of a department. In such event, the sum provided in the item for 'contingent expense' or for traveling expense grouped with other items of expense represents the maximum amount available to the department or division of a department for traveling expenses, (except as to Federal funds authorized by the Federal Government to be spent for such purpose) and when such amount has been expended, whether for traveling expenses or for other expenses properly payable out of such item of appropriation, no other funds from any source (save Federal funds specifically authorized by the Federal Government to be used for such purpose) may be spent by the department or division of a department for traveling expenses."

In the paragraph of the Department of Agriculture appropriation which we are reviewing, no specific item for "traveling expenses" has been set out. Neither is there an item definitely referred to as "contingent expenses." But the fact that the catch-all phrase "and other expenses incident to the proper administration" of the Acts in question is not labeled "contingent expenses" does not change its essential character. It is governed by the above quoted ruling of Conference Opinion No. 5069.

Attention must be called to the following item under "Maintenance and Miscellaneous" in the appropriation for your department:

"3. Traveling expenses for all Divisions
....$30,000.00."

In view of the above item and the following rider to Senate Bill 427, the question arises as to whether or not traveling expenses incident to the proper administration of the Acts under consideration may be paid out of funds accruing to the Department of Agriculture under the provisions of these Acts:

"Except as to field travel expense of the State Highway Department, it is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. This provision shall be applicable whether the item for traveling expenses

Mr. Charles E. Baughman, Page 6.

is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department."

Considering the Department of Agriculture appropriation as a whole, it is our opinion that the Legislature appropriated the $30,000 traveling expense item for the purpose of carrying out the functions of "all Divisions" generally which preceded the Maintenance and Miscellaneous itemization, i.e. General Office Division, Horticultural and Quarantine Division, Markets and Warehouse Division, Weights and Measures Division, Seed Laboratory Division, Field Seed Certification Division, Pecan Division, and Jack - Stallion Division. But for the purpose of defraying traveling expenses, as well as all costs and expenses incident to the administration of Articles 56 to 67, inclusive, R. C. S. 1925, Chapter 95, Acts First Called Session, 41st Legislature; H. B. 99 and H. B. 557, Acts of 45th Legislature, as amended by S. B. 24 of the First Called Session of the 46th Legislature; H. B. 500, Regular Session of the 42nd Legislature, as amended, and H. B. 388, Acts of the Regular Session of the 46th Legislature; and H. B. 623, Acts of the Regular Session of the 43rd Legislature, it was the intention of the Legislature that the lump sum appropriations provided in connection with the foregoing enactments be separate, distinct, and exclusive.

It will be observed that the Acts and appropriations in connection therewith under consideration follow the "Maintenance and Miscellaneous" items including $30,000 for "traveling expenses" in the Department of Agriculture appropriation. This indicates the separability of these items from the preceding specifically itemized portions of the Bill to which the "Maintenance and Miscellaneous" provisions are appended. In this connection, Opinion No. O-1532 by Hon. Richard W. Fairchild, Assistant Attorney General, to Hon. C. S. Clark, Chairman of the Board of Water Engineers, Austin, is in point, copy attached.

It is our opinion that the Commissioner of Agriculture, in the administration of Articles 56 to 67, inclusive, Revised Civil Statutes of 1925, Chapter 95, Acts of

the First Called Session of the 41st Legislature; House Bill 99 and House Bill 557, Acts of the 45th Legislature, as amended by Senate Bill 24 of the First Called Session of the 46th Legislature; House Bill 500, Regular Session of the 42nd Legislature, as amended, and House Bill 888, Acts of the Regular Session of the 46th Legislature; and House Bill 623, Acts of the Regular Session of the 43rd Legislature, has the authority to approve travel expenses incurred by employees of the Department of Agriculture in the administration of the above Acts, and the Comptroller of Public Accounts of the State of Texas is authorized to issue warrants covering such travel expense accounts against the funds accruing to the Department of Agriculture under the provisions of these Acts.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Dick Stout*

Dick Stout
Assistant

DS:pbp

APPROVED OCT 20, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

